**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4868**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JAMAR BERNARD WOODY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:05-cr-00110-EKD-JCH-1)

Submitted:  November 17, 2020                    Decided:  November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Bernard Woody appeals the sentence imposed following the revocation of his supervised release. Based on Woody's 2017 Virginia conviction for malicious wounding, the district court revoked his federal term of supervised release and sentenced him to 36 months' imprisonment, to be served consecutive to the 8-year sentence imposed by the state court. On appeal, Woody contends that the district court abused its discretion by imposing the revocation sentence to run consecutive to the sentence imposed by the state court. He also argues that the district court failed to adequately weigh his mental health history and to explain the decision to impose a consecutive sentence. We affirm.[*]

District courts have "broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). In light of this discretion, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

---

[*] To the extent that Woody asserts that he lacked the requisite mens rea to violate his supervised release, he waived this argument by admitting to the violation.

*States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alterations and internal quotation marks omitted). We presume that a sentence within the applicable policy statement range is reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2018); *see Webb*, 738 F.3d at 641. "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

After review of the record, we conclude that the sentence imposed was reasonable and the district court did not abuse its discretion in imposing the revocation sentence consecutive to the state court sentence. The district court appropriately considered the applicable 46- to 57-month policy statement sentencing range and considered the § 3553(a) factors relevant to revocation proceedings, noting specifically the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide adequate deterrence and to protect the public from further crimes. *See* 18 U.S.C. §§ 3553(a), 3583(e).

The court also considered Woody's arguments concerning his mental health and his request for a concurrent sentence. The district court explained that a consecutive sentence was necessary to punish Woody's violation of the terms of his supervision separate from the sentence imposed for the state malicious wounding offense. *See* U.S.S.G. § 7B1.3(f), p.s. In consideration of Woody's "significant history of mental illness," the district court imposed a downward variance sentence of 36 months' imprisonment, explaining that this sentence was an appropriate sanction for Woody's violation of the conditions of supervised release, but also took into account his mental health concerns. We conclude that the district court did not abuse its considerable discretion by determining that the revocation sentence should be served consecutive to Woody's state court sentence. *See Slappy*, 872 F.3d at 206 (providing standard); *see also United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006) ("'[T]he sentence imposed upon revocation is intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision.'" (quoting U.S.S.G. ch. 7, pt. A3(b)) (brackets omitted)).

The district court adequately addressed Woody's arguments for a lesser, concurrent sentence and determined that a consecutive sentence was appropriate. We conclude that Woody's sentence was not unreasonable, much less plainly unreasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*